JUDGE SEIBEL     **11 CIV 5965**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTAYA CALDER

        Plaintiff,           **COMPLAINT**

   v.

GC SERVICES LIMITED PARTNERSHIP

        Defendant.
-----------------------------------------------------------X

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant GC Services Limited Partnership ("GC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. Collectors are also required to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331.

4. Venue and personal jurisdiction in this District are proper because:

    a.    Plaintiff resides within this district;

    b.    Defendant does business within this District.

5. Defendant, GC, is a limited partnership with offices at 6330 Gulfton in Houston, Texas, 77081, whose principal business is the collection of debts allegedly owed to others.

6. Defendant is a "debt collector" as defined in the FDCPA.

7. Defendant is a member of The Association of Credit and Collection Professionals.

8. Defendant is licensed by the New York City Department of Consumer Affairs as a debt collector.

## FACTS

9. On a date within the applicable statute of limitations, defendant left a voice message for plaintiff.

10. The plaintiff is a "consumer" as defined by the FDCPA.

11. The voice message is a "communication" as defined by the FDCPA.

12. In making this phone call, defendant sought to collect a "debt" as defined by the FDCPA because the charges it attempted to collect arose from personal, family or household purposes and not from business purposes.

13. The message left on the voice mail belonging to the plaintiff was as follows: "Hi this message is for Antaya Calder. Antaya, this is Lindsey you need to give me a call back today, it is important that I hear from you. My phone number is 914-861-4163."

## VIOLATIONS ALLEGED

14. Defendant's conduct violates 15 U.S.C. §§1692, 1692d and 1692e.

15. Section 1692d provides: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(6)** Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

16. GC violated the above provision of the statute because Lindsey does not constitute, according to the FDCPA, meaningful disclosure of the caller's identity.

17. Section 1692e provides:

### § 1692e.  False or Misleading Representations

11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

18. Defendant violated the above provision of the statute because the voice message did not contain the above required notice.

19. Defendant is liable to the plaintiff for statutory damages pursuant to 1692k.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and against the defendant for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

Dated: New York, New York
   August 23, 2011

          **The Law Offices of Shimshon Wexler, PC**

          By: _____
          Shimshon Wexler
          Attorney for Plaintiff
          2710 Broadway, 2nd Floor
          New York, New York 10025
          Tel: (212)760-2400
          Fax: (917)512-6132
          swexler@collectorabuselaw.com